# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

-PANAMA CITY DIVISION-

PROVIDED TO
JACKSON C.I. ON

SEP 13 2023

## CIVIL RIGHTS COMPLAINT FORM FOR MAILING BDW
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

LC

BERNARD D. WILSON                ,

Inmate ID Number: T24935         ,

*(Write your full name and inmate ID
number.)*

**v.**

INGRAM, GRANGER, D. JONES

K. KING, J. CAUSEY, WHITE   ,

S. STOUDEMIRE, PETERSON          ,

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

                See attached      /

**Case No.:** 5:23cv00253 -TKW- MJF
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ **YES**  ☐ **NO**

FILED USDC FLND PN
SEP 18 '23 AM 11:55

Defendants continued (pg. 2 of 2)
Glenn Hancock, Nurse Jane Doe

# I. PARTIES TO THIS COMPLAINT

## A. Plaintiff

Plaintiff's Name: BERNARD D. WILSON   ID Number: T24935

List all other names by which you have been known:   N/A

Current Institution: Jackson C.I

Address: 5563 10th St.

Malone, FL. 32445

## B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: INGRAM

   Official Position: (time of incident Sargeant) Lieutenant

   Employed at: Jackson C.I

   Mailing Address: 5563 10th St.

   Malone, FL. 32445

   ☑ Sued in Individual Capacity       ☑ Sued in Official Capacity

2. Defendant's Name: GRANGER

   Official Position: Currently Lieutenant (formerly Sargeant)

   Employed at: Jackson C.I

   Mailing Address: 5563 10th St.

   Malone, FL. 32445

   ☑ Sued in Individual Capacity    ☑ Sued in Official Capacity

3. Defendant's Name: D. Jones

   Official Position: time of incident, Sgt.

   Employed at: Jackson C.I

   Mailing Address: 5563 10th St.

   Malone, FL. 32445

   ☑ Sued in Individual Capacity    ☑ Sued in Official Capacity

   *(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Parties to complaint continued (page 1 of )

4.) Defendant's Name: PETERSON
Official Position: Classification Supervisor
Employed At: Jackson C.I.
Mailing Address: 5563 10th St.- Malone, FL. 32445
☑ Sued in Individual capacity   ☑ official capacity

5.) Defendant's NAME: K. KING
official Position: Time of incident Lieutenant
Employed At: Jackson C.I
mailing Address: 5563 10th St.- Malone, FL. 32445
☑ sued in Individual capacity   ☑ sued in official capacity

6.) Defendant's NAME: S. Stoudemire
Official Position: time of incident, officer, Now Sargeant
Employed At: Jackson C.I
Mailing Address: 5563 10th St.- Malone, FL. 32445
☑ Sued in Individual capacity   ☑ sued in official capacity

7.) Defendant's NAME: Glenn Hancock
Official Position: Assistant Warden
Employed At: Jackson C.I.
Mailing Address: 5563 10th St.- Malone, FL. 32445
☑ sued in individual capacity   ☑ sued in official capacity

8.) Defendant's NAME: White
official Position: currently; Major
Employed At: Jackson C.I
Mailing Address: 5563 10th St.- Malone, FL. 32445
☑ sued in Individual capacity   ☑ Sued in official capacity

Parties to complaint continued (page 2 of )

9.) Defendant's Name: Jane Doe
Official Position: Nurse
Employed At: Jackson C.I
Mailing Address: 5563 10th St - Malone, FL. 32445

page 3C

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)   ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☑ Convicted State Prisoner   ☐ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. *Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.* You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1.) On November 8, 2022, between the hours of 12:30pm - 2:30pm, defendants Granger and Ingram, acting under color of state law and as employees of FL. Dept. of Corrs. violated Plaintiff's 8th amendment right, failure to protect when they placed Plaintiff in cell H2201 along with inmate Loebens Villarde, whom attacked plaintiff resulting in a very extensive physical altercation where plaintiff suffered physical injury. 2.) Defendants had been verbally informed by Villarde and Plaintiff that they could not be housed together prior to being Plaintiff's being forced into cell with villarde. 3.) Defendants deliberately disregarded plaintiff's warning, whom stated, "I can't go in that cell because he alleged P.R.E.A (Prison Rape Elimination Act) against me and if you put me in there he gonna try to kill me!", to which Ingram responded, "Stop being a coward and let's see who fucks who!" 4.) Villarde also stated to defendants "That's the dude who tried to rape me that I told ya'll about he can't come in here! If you put him in here I'm going to kill him." Ingram stated, "this I've gotta see!" as Plaintiff began to resist being forced into the cell Granger states, "Get your big scary ass in there and fuck or fight!"

**Statement of Facts Continued** (*Page  1  of  5 * )

5.) Plaintiff was then forced into the cell with Villarde. 6.) Once inside the cell Villarde began to attack plaintiff as Granger + Ingram struggled to remove hand restraints from plaintiff. 6.) Plaintiff began to defend himself and was struck by Villarde, whom has martial arts experience, in his head and face causing Plaintiff to temporarily lose consciousness as he hit his back on the edge of the steel bunk. 7.) Defendants Granger and Ingram conducted several security checks and would stand at the cell door and taunt plaintiff as he was covered in Blood and begged to be removed from cell. 8.) Lieutenant Oliver then ordered plaintiff to be removed from cell with Villarde. 9.) After being relocated to another cell, approximately 1:30pm Plaintiff was taken to see Nurse Jane Doe whom conducted a medical assessment and began to inquire about Plaintiff's injuries. As Plaintiff began to point out his multiple injuries Ingram interrupted and began to make threats to Plaintiff if he didn't shut up and he better not speak to anyone about this incident "or ELSE!" 10.) On November 9th 2022 Plaintiff was released from confinement and he immediately initiated "sick-call" due to severe suffering of pain sustained from the attack by

Statement of facts continued (page 3 of 5)

Infraction. 19.) This adverse action, by defendant, against plaintiff because of his participating in constitutional free speech. Also, Stoudemire's labeling Plaintiff a "snitch" constitutes a violation of his 8th amendment right. 20.) Defendant K. King, acting under color of state law, while employed by FL Dept. of Corr's, violated Plaintiff's 8th amend. right; failure to protect when he acted in an objectively unreasonable manner to a subject substantial risk of serious harm that plaintiff faced and King was subjectively aware of said risk because plaintiff verbally informed King and King was familiar with the conflict between Villarde and Plaintiff from the previous incident. 21.) In the month of May 2023, around the 3rd week, Plaintiff was housed in G4 dormitory, when Villarde was relocated and housed in same quad (G4W3). 22.) Plaintiff immediately began to verbally inform staff, whom would state, "I'll check into moving you but I don't see any special review between you and Villarde in the CIC", that he and Villarde could not be housed in the same unit. 23.) Plaintiff had been afraid to write grievances pertaining to this "Villarde" matter due to the previous threats of retaliatory acts against him which clearly instilled so much fear that deterred him from engaging in the prison grievance process regarding this matter. 24.) Plaintiff then approached King and begged him to "please relocate me or Villarde from the same wing because something bad is gonna happen if you leave me in that wing with him. He's gonna tell my gang brothers that I was gay and things gonna get deadly." King responded, "If you don't take your big scary ass back in that wing then I'm gonna gas your ass and you gonna wish you were dead. You know by now there's no "checking-in" (seeking protective management) at Jackson." This encounter occurred the last week of May 2023. 25.) Defendant Granger, acting under color of state law, while employed by FL Dept. of Corrs. violated Plaintiff's 1st and 8th amendment right, when he entered G4 dormitory on this same day and upon seeing Plaintiff he stated in a loud voice, "Writ-Writing-Wilson". So the "Bloods" know that you snitched

page 6C

Statement of Facts Continued (page 4 of 5)

on Sargeant Blakely? Oops! I know that'll get you killed! And we won't have to worry about you and your lawsuit bullshit!" Granger continued making his rounds and exited the dorm. 26.) Granger was not stationed in G dormitory. 27.) Immediately after a gang meeting was held and Plaintiff was ex-communicated by the gang members due to Granger's labeling him a snitch and Villarde's directly confirming, personally in the presence of Plaintiff (Plaintiff, by gang standards, was given the right to face his accuser.) that Plaintiff was a homosexual. 28.) Allegations of "Snitching" and homosexuality by a gang member are punishable by death. 29.) Plaintiff learned, on June 4, 2023, that a "Hit" had been placed on his life, by the bloods, in which Plaintiff attempted to arm himself and pre-emptively fight his way out. 30.) On June 4th, 2023 Plaintiff was stabbed severely over 8 times and suffered life-threatening injuries requiring him to be Life-Flighted to SouthEast medical Emergency Room as a result. 31.) Defendants Peterson, White and Hancock, acting under color of state law while employed by FL Dept. of Corrs., violated plaintiff's 8th amendment right; failure to protect when they acted with deliberate indifference to a substantial risk of serious harm that plaintiff faced by their being subjectively aware of said risk due to their duty as I.C.T (Institutional Classification Team) members whose duty consists of being "responsible for making work, program, housing and inmate status decisions at a facility..." 32.) The I.C.T defendants' failure to "special review" or recommend "special review" once they were made subjectively aware of the P.R.E.A investigation involving plaintiff and villarde was an objectively unreasonable decision which resulted in the June 4th 2023 attack on Plaintiff and the November 8th 2022 attack by villarde against Plaintiff. Which resulted in Plaintiff's suffering serious significant harm.

page 6

Statement of Facts continued (page 5 of 5)

33.) Plaintiff, due to Villarde's attack on him November 8, 2022, suffered extensive back pain which he's still recieving treatment for in the form of pain medication. Also x-rays of plaintiff's back has confirmed that he now has Arthritis, which is a permanent injury. 34.) Furthermore, Jackson C.I's A.M.U program houses Fl. Dept. of corrs. violent and high ranking gang members. Therefore, for any staff member with this knowledge to publicly label an inmate a "snitch" would place him in extreme danger. 35) Plaintiff suffers severe mental anguish, extreme anxiety, sleep deprivation, and as a cause of such Plaintiff has recently become addicted to illegal drugs namely K-2 and molly (a drug consisting of fetynal) 36.) As a result of being stabbed June 4, 2023 plaintiff suffered extensive nerve damage in his left arm and hand as he recieved staples (17). As further results from the stabbing, plaintiff suffers permenant physical pain and injury throught his left arm (shoulder, arm, hand and fingers) which he's desperately sought treatment from medical. 37.) Plaintiff's mental and emotional injuries are in relation to the prior physical injuries suffered from both the November 8th 2022 and June 4, 2023 Attacks. Plaintiff suffers from Post Traumatic Stress.

*38) Note: Sgt Blakely was employed by Jackson C.I. He was caught smuggling drugs into the institution. Plaintiff was a witness in that investigation

# V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1.) Defendants Granger, and Ingram acting under color of state law while employed by FL. Dept. of Corrs. violated plaintiff's 8th amendment rights; failure to protect when they acted with deliberate indifference to risk of harm plaintiff faced when they forced him into cell with Villarde upon being subjectively aware of said risk. 2.) Defendants Jones and

# VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Ingram shall pay plaintiff seventy-thousand dollars for both punitive and actual and compensatory damages as a result of the Nov. 8th 2022 attack which caused plaintiff to suffer significant physical and emotional damages. Jones and Staudemire, for their retaliatory acts, shall pay

Statement of Claim continued (page 2 of 4)

Stoudemire, acting under color of state law while employed by FL. Dept. of corrs. violated plaintiffs 1st amendment rights by retaliating against plaintiff for his engaging in constitutionally protected speech by filing grievances and preparing civil complaint regarding treatment at Jackson C.I. which caused him to fear filing grievances temporarily. Stoudemire's destroying of Plaintiff's 1983 complaint form caused a delay in plaintiff's filing of this document.

   Defendant K. King acting under color of state law while employed by FL. Dept. of Corrs. violated plaintiff's 8th amendment right; failure to protect when king responded in an objectively unreasonable manner to the substantial risk of serious harm that plaintiff faced once king became subjectively aware of said risk but failed to take pre-cautionary measures to alleviate the threat of potential harm which resulted in plaintiff's remaining in a hostile environment where the threat of harm was imminent.

   Defendant Granger, acting under color of state law, while employed by FL. Dept. of corrs. violated plaintiff's 1st and 8th amendment rights; to constitutionally protected speech and to be free from cruel and unusual punishment; labeling inmate a "snitch" publicly to other gang members in hopes to have plaintiff killed because of his exercising his rights to the redress of the grievance process and filing civil complaint. Granger acted with sadistic & malicious intent when publicly labeling plaintiff a "snitch" to other gang members, in the A.M.U. program nonethe-less, (which houses some of FL. D.O.C's most violent and high ranking gang members), would subject plaintiff to serious harm. Resulting in Plaintiff's suffering significant permenant physical and emotional damages. Granger also

Statement of Claim continued (page 3 of 4)

Defendants Peterson, White, and Hancock, acting under color of state law while employed by FL. Dept. of Corrs. violated plaintiff's 8th amendment right; failure to protect by acting objectively unreasonable to the subjective risk of serious harm that plaintiff faced by failing to alleviate said risk of harm. Once Villarde initiated P.R.E.A accusing plaintiff of ANY form of sexual assault then I.C.T was required to place a "Special Review" on Plaintiff and Villarde which would have prohibited them from being housed together in same cell or housing unit. Any reasonable individual in their position would have known there existed a threat to plaintiff's safety. Absent such "special review" plaintiff was subject to Villarde's attack on November 8, 2022 and the attack plaintiff sufferred on June 4, 2023 by gang members. From the Nov. 8, 2022 attack plaintiff sufferred permenant physical damages. Defendant Jane Doe, violated Plaintiff's 8th amend. by failing to treat Plaintiff's injuries.

## VI.

-Relief Requested continued-

plaintiff sixty-six-thousand dollars a piece for both punitive and compensatory damages for emotional/psychological injuries which there exists prior showing of physical injury. Defendant Granger for the November 8, 2022 attack, shall pay plaintiff one-hundred-thousand dollars in punitive, physical, actual and compensatory damages as a result of the injuries sufferred. Regarding Granger's labeling plaintiff a "snitch" which ultimately lead to the attack on Plaintiff's life Granger shall pay plaintiff one-hundred-fifty-thousand dollars in punitive, actual and compensatory damages. Defendants Peterson, White, and Hancock shall each pay Plaintiff one-hundred-thousand dollars in punitive, actual and compensatory damages in their failure to protect plaintiff causing plaintiff to twice being attacked. K. King shall pay plaintiff one-hundred-thousand dollars for punitive, actual physical and compensatory damages.

page 7C

Relief Requested continued (page 4 of 4)

Nominal damages shall be paid in the amount of #10 dollars by each defendant. and reimbursement of any expenses, including filing fees.

- Injunctive Relief -

Plaintiff has suffered extensive retaliation by Jackson C.I staff to the point that he's filed a second 1983 complaint regarding similiar issues as stated above and due to the "hit" being place on his Life, which is considered "world-wide" and a "kill on sight" Plaintiff lives in constant fear and seeks to be Emergency transferred to a Protective management unit. And any further punishment issued by this institution shall be regarded as retaliatory following the filing of this complaint and the courts shall issue an injunction barring such. The defendants named are very influential and are "connected" throughout the F.D.O.C, mainly the North + Northwest Regions, as they've at one time in the past been employed by one of the many facilities/institutions throughout. Plaintiff seeks an Emergency transfer away from Jackson + surrounding Northern region prisons. At this moment plaintiff has not been a behavior issue during his stay in confinement nor has he, as of this 12th day of Sept 2023, been recommended nor considered for Close management. Therefore any acts by staff, that is a punitive manner taken against plaintiff, shall be considered in a retaliatory regard.

Nurse Jane Doe shall pay fifty-thousand dollars for punitive-compensatory damages

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION: *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*** If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

***This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.***

**ATTENTION: *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while***

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A.  Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☑ YES   ☐ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1.  Date: _Feb. 2014_   Case #: _____

    Court: _U.S. Dist. Ct. N.D. of FL - Panama City Div._

    Reason: _Failure to state claim_

2.  Date: _may 2023_   Case #: _2:23-cv-247-SPC-KCD_

    Court: _U.S. Dist. Ct. m. Dist. of FL._

    Reason: _must amend complaint_

3.  Date: _____ Case #: _____

    Court: _____

    Reason: _____

*(If necessary, list additional cases on an attached page)*

B.  Have you filed other lawsuits or appeals in ***state or federal court*** dealing

with the same facts or issue involved in this case?

☐ YES ☑ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1.  Case #:_____ N/A _____Parties: _____

Court:_____N/A_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____ N/A _____

2.  Case #:_____ Parties: _____

Court:_____N/A_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____ N/A _____

*(If necessary, list additional cases on an attached page)*

C.  Have you filed any other lawsuit, habeas corpus petition, or appeal in

***state or federal court*** either challenging your conviction or relating to

the conditions of your confinement?.

☑ YES   ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: _4:18-cv-310 RH/mJ_ Parties: _Torrey Johnson, et.al.;_

   Court: _U.S. Dist.ct. N.D. of FL._   Judge: _MJ Michael J. Frank_

   Date Filed: _2018_   Dismissal Date (*if not pending*): _2020_

   Reason: _Settlement reached_

2. Case #: _06-22103_   Parties: _State of FL._

   Court: _13th Judicial circuit_   Judge: _Ficarotta_

   Date Filed: _2007_   Dismissal Date (*if not pending*): _2010_

   Reason: _UNKNOWN_

3. Case #: _06-22103_   Parties: _State of FL._

   Court: _2nd Dist. Ct. of Appeal_   Judge: _____

   Date Filed: _2007_   Dismissal Date (*if not pending*): _2000_

   Reason: _PCA_

4. Case #: _06-22103_   Parties: _State of FL._

   Court: _13th Judicial Circuit_   Judge: _unknown_

   Date Filed: _2010_   Dismissal Date (*if not pending*): _2014_

   Reason: _Ruled in State favor_

5. Case #: _N/A_   Parties: _____

   Court: _____   Judge: _N/A_

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _N/A_

6. Case #:_____ Parties: _____

Court:_____ Judge: _____

Date Filed:_____ Dismissal Date (*if not pending*): _____

Reason: _____

***(Attach additional pages as necessary to list all cases.)***

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there
is any change to my mailing address and that my failure to do so may result
in a dismissal of the action.

Date: 9/12/23 Plaintiff's Signature: _____

Printed Name of Plaintiff: BERNARD D. WILSON

Correctional Institution: Jackson C.I.

Address: 5563 10th St. - Malone, Florida
32445

**I certify and declare, under penalty of perjury, that this complaint was
(*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in
the prison's mail system for mailing on the 9 day of Sept., 2023.**

Signature of Incarcerated Plaintiff: _____

BERNARD WILSON # 724935
5563 10th St.
Malone, FL 32445

Mailed from a State Correctional
Institution



US POSTAGE PITNEY BOWES
ZIP 32445   $ 002.55⁰
02 4W
0000390860 SEP. 13. 2023.

SEP 1 8 2023

U.S. Dist Court N.D of FLORIDA
CLERK of the Courts
ONE NORTH Palafox Street
PENSACOLA, FL. 32502-5658

PROVIDED TO
JACKSON C.I. ON

SEP 13 2023

FOR MAILING ꞵ Dᴸ‿

L.C