UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD D. WILSON,

    Plaintiff,

v.                                                                                  Case No. 5:23-cv-253-TKW-MJF

LIEUTENANT INGRAM, *et al.*,

    Defendants.

_____/

## ORDER

Plaintiff Bernard D. Wilson, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint. Doc. 17. The complaint names as Defendants five prison officials at the Jackson Correctional Institution: Lieutenant Ingram, Lieutenant Granger, Officer Causey, Sergeant Jones and Sergeant Stoudemire. For the reasons set forth below, Wilson will be required to file (1) a notice of voluntary dismissal of Stoudemire, or (2) a second amended complaint.

### I. WILSON'S AMENDED COMPLAINT

Wilson's amended complaint claims that Ingram, Granger and Causey violated the Eighth Amendment when they failed to protect Wilson from an inmate assault. Doc. 17 at 6-10. Specifically, Wilson

alleges that on November 8, 2022, Ingram, Granger and Causey placed Wilson in a cell with "Inmate Villarde" despite (1) Wilson informing the officers that Villarde had accused Wilson of sexually assaulting him four days prior, and (2) Villarde telling the officers that Wilson tried to rape him and that he would kill Wilson if they placed Wilson in the cell. *Id.* at 6-8. The officers then watched Villarde attack Wilson, and "stood at the cell laughing and taunting Plaintiff as he was covered in blood." *Id.* at 8.

Wilson claims that Jones violated the First Amendment when she retaliated against Wilson for reporting the incident. *Id.* at 8, 10. Specifically, Wilson alleges that Jones placed him in administrative confinement on November 13, 2022 for no penological purpose, commenting: "We told you not to write those grievances and not to report that incident last week. Now your snitch ass gonna learn the hard way." *Id.* at 8. Wilson's amended complaint does not attribute any acts to Stoudemire.

## II. SCREENING STANDARD UNDER 28 U.S.C. §§ 1915(e)(2) AND 1915A

Because Wilson is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of

state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985). The plaintiff's factual allegations must connect the defendant with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008).

### III.  THE COMPLAINT FAILS TO STATE A CLAIM AGAINST STOUDEMIRE

Wilson's complaint does not connect Stoudemire to any specific unlawful act. The complaint does not mention Stoudemire at all outside of the caption. Wilson's complaint against Stoudemire, therefore, is subject to dismissal for failure to state a claim. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (dismissing prisoner's Eighth-Amendment claims against individual prison officials because the complaint alleged no facts describing how either official was deliberately indifferent to prisoner's health or safety); *Douglas*, 535 F.3d at 1321-22 (same where complaint failed to allege facts that associated any of the individual prison officials with the alleged constitutional violation); *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980).

### IV.  CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The clerk of the court shall forward to Plaintiff:

    a. a notice of voluntary dismissal form; and

    b. a prisoner civil rights complaint form.

This case number should be written on the forms. In addition, the words "Second Amended Complaint" should be written on the complaint form.

2. **On or before MAY 8, 2024**, Plaintiff shall file:

    a. a notice of voluntary dismissal of Stoudemire; **OR**

    b. a second amended complaint that is typed or clearly written, submitted on the Northern District's complaint form, and modified to correct the legal deficiency outlined above.

3. Plaintiff's failure to comply with this order likely will result in Defendant Stoudemire being dismissed from this action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

**SO ORDERED** this 8th day of April, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**