UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD D. WILSON,

    Plaintiff,

v.                              Case No. 5:23-cv-253-TKW-MJF

LIEUTENANT INGRAM, *et al.*,

    Defendants.
_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

Defendants Ingram, Granger, Jones and Causey have filed an answer, Doc. 53, to Plaintiff's second amended complaint, Doc. 31. Rule 1 of the Federal Rules of Civil Procedure requires a "just, speedy, and inexpensive determination of every action." To accomplish that purpose, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is **ORDERED** as follows:

    **1)**    **Discovery Period.** The deadline to complete discovery is **NOVEMBER 13, 2024**.[1] The Rules of Civil Procedure set out explicit

---

[1] **To be considered timely, a request for discovery materials from a party must be served at least thirty days prior to the end of the discovery period.**

Page 1 of 8

time limits for responses to discovery requests. If a party cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel. If consent to an extension of time cannot be obtained, a motion requesting the same should be filed and served immediately. In the meantime, no motion to compel a response shall be filed. The parties may stipulate, without court approval, to extend a deadline for responding to a specific discovery request or for making a Federal Rule of Civil Procedure 26 disclosure if the extension does not interfere with the time set for any of these: completing discovery, submitting or responding to a motion, or trial. *See* N.D. Fla. Loc. R. 6.1. If an extension of time requires court approval, no extension will be granted except for good cause and upon a showing of diligence during the initial discovery period. *See* Fed R. Civ. P. 6(b).

The filing of motions **DOES NOT** operate to toll or extend the discovery cut-off date set forth in this paragraph.

**2)** **Rule 26 Requirements.** Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv) and (f), the parties are not required to meet or make initial disclosures. Costs for any requested discovery shall be borne by the party making the request. At some point in the future, the court may direct

the parties to discuss the possibility of a prompt settlement or resolution of the case.

**3)** **Interrogatories and Requests for Production.** The number of interrogatories to any party, as governed by Fed. R. Civ. P. 33(a), may not exceed 25 including all discrete subparts. The number of requests for production to any party may not exceed 25.

**4)** **Deposition of Plaintiff.** Defendants' counsel is authorized to depose Plaintiff. Fed. R. Civ. P. 30(a)(2)(B).

**5)** **Schedule.** The following schedule shall apply to this case:

a. All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.

b. Dispositive motions—including motions for summary judgment and any motion asserting an affirmative defense—shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by court order, **not later than 21 days** after the close of discovery.

   c. Unless otherwise ordered by the court, no motions to compel discovery may be filed after the close of discovery.

   d. The court may dispose of motions without a hearing. N.D. Fla. Loc. R. 7.1(K).

  **6)** **<u>Resolution of Discovery-Related Issues.</u>** The parties must attempt to resolve discovery-related issues without the court's intervention. The court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the parties are unable to reach an accord. Any motion to compel must include certification that such attempts have been made, Fed. R. Civ. P. 37, and must be in the form required by Local Rule 26.1(D). The parties' attention also is directed to the provisions of Federal Rule of Civil Procedure 26(b)(1) and (g) (discovery and the parties' obligations).

  **7)** **<u>Rule 37 Sanctions.</u>** If a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party. Fed. R. Civ. P. 37. Additionally, if a motion to compel is granted, or if the discovery that is the subject of the motion to compel is provided after the filing of the motion, the court must (except under limited circumstances) require the

party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

**8)** **<u>Summary-Judgment Motions</u>.** Any motion for summary judgment filed under Federal Rule of Civil Procedure 56 must be accompanied by a supporting memorandum that complies with the form and length requirements of Local Rule 56.1(B). The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief. A statement of facts must not be set out in a separate document.

The party opposing a summary-judgment motion must file and serve an opposing memorandum and any opposing evidence not already in the record. N.D. Fla. Loc. R. 56.1(C). The memorandum must respond to the moving party's statement of facts as would be appropriate in an appellate brief. The opposing party must not file a separate document setting out the facts or responding to the moving party's statement of facts.

The statement of facts in each party's memorandum must reference the appropriate deposition, affidavit, interrogatory, admission, or other

source of the relied-upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source. N.D. Fla. Loc. R. 56.1(F). The court may, **but need not**, consider record evidence that has not been properly cited. N.D. Fla. Loc. R. 56.1(F).

**9)** **Non-Filing of Rule 26 Disclosures and Discovery Materials.** In accordance with Federal Rule of Civil Procedure 5(d), the parties shall serve **but shall not file with the clerk of the court** copies of discovery materials (including notices of deposition, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admission requests, or responses to admissions requests), unless and until needed for consideration of pending motions by the court. The parties need not serve **and shall not file with the clerk** separate notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admissions requests or responses.

**10)** **Filing DVD or Other Electronic Storage Device.** A party seeking to file a DVD or other electronic storage device showing the inside of a correctional institution is authorized to file the device under seal. To

do so, the party must provide the device to the clerk of the court and file a notice of filing exhibit under seal referencing this order and indicating whether all opposing parties had an opportunity to view the content of the device. The clerk of the court must store and maintain the device under seal during the pendency of this action. Within 90 days after the case is closed and all appeals have been exhausted, the party who filed the device under seal must retrieve it from the clerk of the court. The clerk of the court may destroy the device (and any other exhibit) if it is not timely retrieved.

  **11)**  **Amendments.** This order may be amended by the court on its own motion or upon motion of any party.

  **12)**  **Consent to Magistrate Judge Jurisdiction.** Any party who desires to consent to trial of this case being conducted by a Magistrate Judge should execute the attached consent form and return it to the clerk of the court. The clerk of the court will retain any such form and will refer the consent form to the District Judge only if all parties consent. Consenting to have a Magistrate Judge conduct proceedings may result in a speedier resolution of this case. **Consenting to have a**

**Magistrate Judge preside over the jury trial does not prevent the parties from having the jury decide the case.**

**SO ORDERED** this 13th day of August, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**