UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BERNARD D WILSON**,

    Plaintiff,

vs.                                                 **Case No.: 5:23cv00253-TKW-MJF**

**LIEUTENANT INGRAM, ET AL.**,

    Defendants.

_____/

## **CONFIDENTIALITY ORDER**

Before the Court is a Confidentiality Order stipulated to by Plaintiff Bernard D. Wilson, Defendants Jones, Causey, Ingram, Granger, and Stoudemire, and nonparty Florida Department of Corrections ("FDC"). The Court, being advised in the premises, finds good cause for the Order to be granted. Accordingly, it is **ORDERED**:

The Parties anticipate that exchanged discovery requests will seek protected confidential and restricted information of the FDC. Such sensitive information may include operations that affect public safety, the safety of FDC personnel, and proper care and supervision of inmates. In anticipation of those discovery requests, and in order to address the concerns of the Parties and Non-Party, Florida Department of Corrections, the Parties and FDC jointly stipulate to a confidentiality order which includes, in substance, the following:

1

This Order governs the handling, maintenance, storage, and use, of discovery materials that would be exempt from disclosure under public records laws, or are considered confidential by Florida statutes, including section 119.071, Florida Statutes, section 945.10, Florida Statutes, and other state laws as well as certain Florida Department of Corrections security procedures and rules.

FDC has security concerns in certain of its records and wishes to ensure that these records are not introduced into the public domain.

Plaintiff has discovery needs relating to the Plaintiff's burden of proof of claims in the instant lawsuit that may include records that would be exempt from public disclosure under Florida public records laws.

Plaintiff maintains that federal courts are not required to and should rarely undertake to enforce state confidentiality laws as part of the discovery process in federal civil rights litigation.

FDC wishes the Court to give weight to some Florida public records laws under principles of comity.

In recognition of the need for a balancing of interests, Plaintiff hereby agrees to treat the following kinds of discovery materials as confidential, subject to court review:

    a. Any photos and/or video recordings taken within an FDC prison;
    b. Post Orders (i.e., job descriptions) designated by FDC as restricted;
    c. Any FDC Duty Rosters (i.e., work schedules, inmate rosters);
    d. Floor plans, housing logs and dormitory logs;

    e. Control room logs;
    f. Photographs of Department staff;
    g. Any training materials deemed by FDC to be restricted;
    h. Any policies or procedures deemed by FDC to be restricted.

Plaintiff or Defendants may also designate records as confidential. Although the above-listed records are characterized as confidential under this Order, such designation is purely the product of the parties' agreement does not reflect a judicial ruling or stipulation by any Party concerning whether such records are protected by state or federal law. A Party may challenge the protection as "confidential" of any particular record for a showing of "good cause" pursuant to Fed.R.Civ.P. 26 and the Department reserves the right to file appropriate motions to protect the confidential nature of the documents.

FDC, however, maintains these records are, in fact, protected by state and federal law.

This Order does not alter the requirements under court rules for redaction of information from documents filed with the court.

This Order does not apply to records already in the public domain.

The following definitions shall apply to this Confidentiality Order:

    a. "Parties" shall mean and refer to the Plaintiff and each Defendant in the above captioned case.
    b. "Qualified person(s)" shall mean and refer to:
        i. Counsel for the Parties and their employees, as well as contractors tasked with the reproduction of materials;
        ii. Expert witnesses and expert consultants for the Parties;
        iii. Deponents, to the extent needed in deposition, court reporters

    and persons preparing transcripts;
 iv. The Court and court personnel;
 v. Other persons only on order of the Court

Confidential discovery materials as provided in this Order, if filed, shall be redacted or submitted to the Court with a motion to seal.

Confidential discovery materials as provided in this Order shall be disclosed only to Qualified Persons and used only for this litigation.

Confidential discovery materials as provided in this Order may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Agreement (Exhibit A) agreeing to be subject to its terms. Counsel sharing the confidential materials shall maintain a log of all persons who have seen or been provided confidential discovery materials.

Confidential discovery materials as provided in this Order, when filed pursuant to a sealing order or court rule authorizing the filing under seal of certain records without a court order, shall be submitted to the Court in sealed envelopes or sealed containers on which shall be written:

 a. the caption of this case; the name of the party filing the materials and an indication of the nature of the contents; and
 b. a statement substantially in the following form:

  [DISCLOSING PARTY'S NAME] CONFIDENTIAL

  This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the

disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

When confidential discovery materials as provided in this Order are expected to be presented in any pretrial proceeding, counsel for any Party who is a signatory to this Order may apply to the Court to limit persons permitted to be present to only Qualified persons are present during such presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings. Comparable measures may be requested for trial, if necessary.

If any Party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. In the event that a dispute arises about the confidential nature of any materials or a Party's duty to produce materials under this Order, the Party shall confer with the opposing party in good faith to resolve the dispute prior to resorting to Court action.

Producing or receiving materials or otherwise complying with the terms of this Order shall not:

a. Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or
b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or
c. Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or
d. Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

Within thirty (30) days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Order that were supplied by the parties and all copies thereof shall be returned to the producing party. All confidential discovery materials governed by this Order which are electronically stored in any manner must be permanently deleted.

Parties shall not disclose confidential materials to a Plaintiff who is a state prisoner, with the exception that the Plaintiff shall review the video relating to the incident and pictures of the Plaintiff. Plaintiff and percipient witnesses may also be permitted to review without possessing staff photographs solely for identification purposes. Should Counsel for Plaintiff believe that additional confidential materials need be disclosed outside of the conditions set by this Order Plaintiff's Counsel shall provide FDC with a written request to disclose the confidential materials explaining the necessity of the disclosure. If FDC does not consent, nothing in this order prohibits Plaintiff from seeking a court order permitting the disclosure.

The obligation to maintain confidentiality pursuant to this Order shall continue after the conclusion of this case.

**DONE AND ORDERED** this \_\_\_\_\_day of October 2024.


_____
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BERNARD D WILSON**,

    Plaintiff,

vs.                                                      Case No.: 5:23cv00253-TKW-MJF

**LIEUTENANT INGRAM, ET AL.,**

    Defendants.
_____/

**Exhibit A**

**ADDENDUM TO CONFIDENTIALITY ORDER**

    The undersigned has been engaged as a consultant or expert in the above referenced action and hereby acknowledges that he/she has read the Confidentiality Order in this cause, understands the provisions of the Order, and agrees to comply with the Order.

    The material or information is being disclosed pursuant and subject to the Order and may not be disclosed other than pursuant to its provisions.

Date:_____, 20__.

_____        _____
NAME                                                            SIGNATURE