UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD D. WILSON,

    Plaintiff,

v.                                                 Case No. 5:23-cv-253-TKW-MJF

LIEUTENANT INGRAM, *et al.*,

    Defendants.
                                      /

## ORDER

Defendants have filed an unopposed motion to extend the dispositive motions deadline from December 4, 2024, to January 6, 2025. Doc. 72. The reason for the request is "availability issues" with counsel and "potential" declarants during the Thanksgiving holiday. *Id.* ¶ 3. Defendants also explain that they were deposed "outside the Discovery timeframe imposed by this Court" pursuant to the parties' stipulation, and the transcripts have not been completed. Defendants assert that the transcripts of their own depositions "will be important in assisting to resolve the issues presented within Defendants' upcoming Motion for Summary Judgment." *Id.* ¶ 4.

The scheduling order explicitly stated:

> The parties may stipulate, without court approval, to extend a deadline for responding to a specific discovery request or for making a Federal Rule of Civil Procedure 26 disclosure **if the extension does not interfere with the time set for any of these: completing discovery, submitting or responding to a motion**, or trial. *See* N.D. Fla. Loc. R. 6.1. If an extension of time requires court approval, **no extension will be granted except for good cause and upon a showing of diligence during the initial discovery period**. *See* Fed. R. Civ. P. 6(b).

Doc. 57 at 2 (emphasis added).

The parties violated the scheduling order. The parties also have not shown that they exercised diligence during the discovery period.

Nevertheless, the undersigned will grant the requested 33-day extension. The parties are warned, however, that **no additional extensions will be considered absent a showing of diligence and exceptional circumstances that prevent timely filing.**

Defendants also are reminded that summary judgment is not the stage where credibility determinations are made and conflicts in testimony are resolved. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment[.]"). Thus, if Defendants' evidence merely highlights genuine factual disputes,

or offers an account of the events that conflicts with Plaintiff's account, then summary judgment likely would not be available. *See* Fed. R. Civ. P. 56(a).

Accordingly, it is **ORDERED**:

1. Defendants' unopposed motion for an extension of time to file a motion for summary judgment, Doc. 72, is **GRANTED**.

2. The dispositive motions deadline for all parties is **EXTENDED** to **JANUARY 6, 2025**. All other provisions of the Case Management and Scheduling Order, Doc. 57, remain in effect.

**SO ORDERED** this 25th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**