UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD D. WILSON,

    Plaintiff,

v.                                                           Case No. 5:23-cv-253-TKW-MJF

LIEUTENANT INGRAM, *et al.*,

    Defendants.
_____/

# ORDER

Defendants Ingram, Granger, Jones and Causey have filed a motion for summary judgment. Doc. 74. Plaintiff will be required to file a response that complies with the following guidelines.

Defendants' motion for summary judgment will be granted if the Defendants show that: (1) "there is no genuine dispute as to any material fact" and (2) Defendants "[are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Rule does not require Defendants to submit evidence *negating* Plaintiff's claims, but only to demonstrate that the Rule 56(a) standard is satisfied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff's response to the summary judgment motion should include affidavits and any other documents or evidentiary materials, as required by Fed. R. Civ. P. 56 and Local Rule 56.1(C). Plaintiff is cautioned that he must dispute or contradict Defendants' arguments with evidence of a substantial nature as distinguished from legal conclusions. Plaintiff cannot successfully defeat the motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can he simply rely on the pleadings. A general denial unaccompanied by any evidentiary support will not suffice. *See* Fed. R. Civ. P. 56(c) and (e); *Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1991).

The types of evidentiary materials acceptable in opposition to summary judgment include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Affidavits must be based on personal knowledge, setting forth such facts as would be

admissible into evidence, and affirmatively showing that the affiant is competent to testify to the matters stated in the affidavit. *See* Fed. R. Civ. P. 56(c)(4). Plaintiff should thoroughly review Rule 56 of the Federal Rules of Civil Procedure as well as Local Rule 56.1 before responding to the summary judgment motion.

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (here, Plaintiff), but unreasonable and speculative inferences will not be drawn from the materials. *See Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975). **Evidence filed by the Defendants in support of their motion for summary judgment may be accepted as true by the court if Plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56.** *See* Fed. R. Civ. P. 56(e)(2); *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987).

Plaintiff's summary judgment response also must include an opposing memorandum. *See* N.D. Fla. Loc. R. 56.1(C). In the memorandum, Plaintiff must include his own statement of facts in opposition, or he must otherwise respond to the Defendant's statement of

facts. *Id.* Each assertion of fact must be supported by a pinpoint citation to the record evidence that supports that assertion – identifying the docket, exhibit, and page or paragraph number as necessary. *See* N.D. Fla. Loc. R. 56.1(F). Plaintiff's statement of facts may not be set out in a separate document; it must be included in the memorandum. *See* N.D. Fla. Loc. R. 56.1(B). In total, the memorandum **must not exceed 8,000 words** in length. Any evidentiary materials Plaintiff submits in support of his response to the summary judgment motion should be attached to his memorandum (but not included in the word count). Plaintiff shall include a certificate stating the number of words in the memorandum.

    Only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on Defendants' summary judgment motion. The motion for summary judgment will result in a final judgment without trial or any further proceeding if the pleadings, sworn affidavits, and other evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that the Defendants are entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322-23;

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A motion for summary judgment may be resolved against a party without a hearing – and without further notice – at any time after the party has had an opportunity to file a memorandum and evidence under Local Rule 56.1. *See* N.D. Fla. Loc. R. 56.1(G).

Accordingly, it is **ORDERED**:

1. On **FEBRUARY 6, 2025**, (the "submission date"), Defendants' motion for summary judgment, Doc. 74, will be deemed submitted on the motion, the pleadings, and the evidentiary materials filed in this case. On or at any time after this submission date, the court will consider the motion for summary judgment and may resolve the motion and this case without an evidentiary hearing.

2. **ON OR BEFORE THE SUBMISSION DATE**, Plaintiff must file a response to Defendants' motion for summary judgment. Plaintiff must ensure that his response complies with the provisions of Rule 56 of the Federal Rules of Civil Procedure, and Rule 56.1 of the Local Rules for the Northern District of Florida. Failure to follow the requirements of these rules may result in the summary judgment motion

being granted and a final judgment being entered in favor of the Defendants, without there being an evidentiary hearing or trial.

3. Any documents or evidence filed after the submission date will not be considered by the court, absent exceptional circumstances.

**SO ORDERED** this 7th day of January, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**