# FLORIDA DEPARTMENT OF CORRECTIONS
## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Wilson, Bernard D.     T24935     Jackson C.I
Last  First  Middle Initial     DC Number     Institution

02R                                          2208-104-098

### Part A – Inmate Grievance

This administrative appeal is in regards to grievant's unauthorized and unvalidated placement on A.M.U. Grievant has been placed at Jackson C.I (A.M.U) due to an "investigation" which was unsubstantiated and netted NO valid evidence nor proof to support its finding nor basis. Grievant was alleged to have been in cahoots with 2 other inmates whom he has NEVER been in ANY association with, in conspiring to extort work squad inmates to bring drugs into Calhoun C.I. This allegation is beyond frivolous! Furthermore, it's alleged that grievant is a gang member (Blood). This "claim" is so far from the truth! Grievant has NEVER been part of ANY gang! Grievant's tattoo, which is totally different from that trademarked by Bloods, is what had him placed in the S.T.G as the such. This was told to the I.C.T as they held a hearing regarding the placement of A.M.U. However, the response provided by the I.C.T in regards to grievant's denying of EVER being in a gang had NOTHING to do with refuting grievant's statement. Again, the I.C.T failed to substantiate their claim. There is NO valid proof/evidence to support grievant's being in, nor his participating in ANY gang/gang activity! There isn't any statements provided by ANY witnesses saying that grievant and others, whom were listed in alleged investigation, had any affiliation. Thusfore, grievant's reasons for being housed in A.M.U lacks merit and, if uncorrected, could lead to any civil action if pursued by grievant.

\* Furthermore, placement in Administrative Management is clearly used as a punishment tool for behavior adjustment inmates which clearly limited certain privileges distinctive from those of a normal institution. cont. p2

8·17·22
DATE

[signature] T249
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:   Ø 1
                                                                           # / Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: AUG 19 2022     Institutional Mailing Log #:_____      _____
                              (Date)                                                          (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY          CENTRAL OFFICE
                INMATE (2 Copies)             INMATE
                INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)                     Incorporated by Reference in Rule 33-103.006, F.A.C.

pg. 2.

And with that being an issue, as with ANY punishment or action requiring a "Hearing" of ANY sort, grievant SHALL (MUST) be afforded the opportunity to file an appeal AND he shall (MUST) be notified by the governing party that he has the right to an appeal and how many days are allotted to him to file AN appeal! Absent such contingencies, this placement in A.M.U. makes it unlawful which results in a violation of grievant's right to due process protected under the United States Constitution 14th amendment! And therefore, entitles grievant to, not only file a 42 U.S.C 1983 claim but to succeed in the verdict being returned in his favor if jury trial was to commence. And now grievant has fulfilled the first standard set-forth by such a claim which is to "place (whom it may concern) on fair notice that it's conduct is unlawful" and affording persons the opportunity to rectify this matter.

  * July note: Grievant is VERY familiar with the rumors of this administration's, and its staff, reputation for retaliating against inmates for their ~~exce~~ exercising their rights to the redress of the grievance procedure! Which is clearly another violation of the 8th amendment right protected under the U.S. constitution to be free from "cruel and unusual punishment." Therefore, grievant has handwritten copies of this official document and provided one to his family's attorney. And grievant seeks, as part of his requested relief, to be placed back in normal general population setting (removed from Administrative management) AND NOT to be retaliated upon by any staff here at Jackson C.I because of his exercising his right to the redress of the grievance procedure.