# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
### INMATE REQUEST

PCP · Classification

Mail Number: _____
Team Number: _____
Institution: _____

**TO:** (Check One)
- [x] Warden
- [ ] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [ ] Mental Health
- [ ] Dental
- [ ] Other _____

**FROM:**
| Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| BERNARD WILSON | T24935 | H1-219L | Conf. | 10-20-22 |

**REQUEST**  Check here if this is an informal grievance [x]

PER Ch. 33... this informal grievance is in regards to the institution's Classification Team misappropriating of the standard operating procedure. Chapter 33-601... partially states that "the D.R hearing team has the option of issuing one of several punishments... suspension of canteen privileges..." Clearly making such a decision to be solely determined by the D.R. hearing team upon their findings of guilt. However, absent the making of such decision whatever punishment the D.R. hearing team deems necessary becomes final and is recorded per "Disciplinary hearing Report information - Basis for decision". Therefore, by LAW (?SEE FLORIDA Statutes/United States Constitution), in regards to canteen suspension, which is not an I.C.T function but a determination made by the D.R hearing team, once the D.R. hearing team makes its findings and action inmate's sentence and judgement becomes final!!! Thus, for the I.C.T to later hold a second hearing for the same infraction inmate has already served a sentence for, subjects grievant to the double Jeopardy clause! (cont. pg. 2)

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____   DC#: T24935
10-22-22 - 0450

---
**DO NOT WRITE BELOW THIS LINE**
---

**RESPONSE**   DATE RECEIVED: RECEIVED OCT 28 2022

There was no violation of Policy, Florida Administrative Code, State Statute, and Certainly the US Constitution in this matter. By policy the Institutional Classification Team (ICT) has the authority to take actions and impose sanctions irregardless of the DR Teams findings/actions. Based on the aforementioned your Informal Grievance is denied.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is ~~Denied~~. (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): L. Clark   Official (Signature): _____   Date: 10/28/22

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

cont. from pg.1 - pg. 2 of 2

Which in turn would only place the I.C.T in violation of inmate's constitutional rights protected under the 8th and 14th Amendments. Grievant has previously been subjected to such violation by this institution but was just made aware by the institution's classification staff.

Grievant, with all due respect, files this informal grievance as a "Notice" to place this institution on fair notice that their conduct is unlawful! Their failure to alleviate from such unlawful acts would only solidify their behavior as acting with sadistic/malicious intent and showing of total disregard for the laws & standard operating procedures governed by Florida's Administrative Code and Florida's Criminal/Civil Statutes. Which in turn causing said parties to be liable to suit allowing grievant and/or others whom have suffered similar violating of said rights, to bring forth civil complaint in the form of "42 U.S.C 1983" claim.

Remedy Sought; Grievant wants this institution to adhere to the policies & procedures set forth in ch.33 and S.O.P and cease the violating of prisoner's/grievant's rights by subjecting them to double jeopardy. Also, failure to do so, if the institution chose to continue to violate individual's constitutional rights then they accept full responsibility for the violating of said rights.

Respectfully Submitted,
#T24935

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Last: Wilson   First: Bernard   Middle Initial: D.   DC Number: T24935   Institution: Jackson

06P   2211-104-004

### Part A – Inmate Grievance

Grievant files this formal grievance in regards to the denying of his informal grievance. (See attached). Grievant re-iterates his argument/claim made in his informal grievance. The response issued partially states "...By policy this I.C.T has the authority to take actions to impose actions; irregardless of the D.R teams final sentence + judgement." By implying such, this I.C.T has blatantly stated that it is above the law + Florida's Administrative code along with the U.S. constitution is beneath them and therefore they are not required to adhere to standard operating procedures. No where inside the body of the chapter 33 is there any language (policy) in support of respondent's claim! By what "policy" and the granting of whose "Authority"? Allow the record to reflect that respondent's claim is unsubstantiated, w/o merit + lacks any legal backing to support its reasons for their callous disregard for policy which clearly results in the violating of inmates' rights protected under the U.S. constitution. Thus, the I.C.T's response shall be evidence to support any civil action brought forth by grievant being as though they continue to openly admit to such, aforementioned, violating of inmates' rights.

If respondant's claim is true, Please provide grievant with "legal documentation", copies of said "policy", and/or copies of "memos" or records of said "Authority" granting this institution's ability to disregard the United States constitution by its issuance of "Double Jeopardy" sentence, judgement + punishment! Especially being as though, unlike visitation privileges, canteen suspension is not an I.C.T function!! But instead a decision made by the D.R hearing team.

This institution shall be required to adhere to the same policies + procedures as those of inmates i.e., F.A.C Ch.33's policy + procedures.

DATE: 10-31-22

SIGNATURE OF GRIEVANT AND D.C. #: #T24935

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ∅ / #   Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: NOV 01 2022 (Date)   Institutional Mailing Log #: _____   (Received By)

DISTRIBUTION:
INSTITUTION/FACILITY          CENTRAL OFFICE
INMATE (2 Copies)             INMATE
INMATE'S FILE                 INMATE'S FILE - INSTITUTION./FACILITY
INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)     Incorporated by Reference in Rule 33-103.006, F.A.C.

**PART B - RESPONSE**

| WILSON, BERNARD | T24935 | 2211-104-004 | JACKSON C.I. | H1219L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Request for Administrative Remedy or Appeal has been reviewed and investigated with the following finding:

The Canteen Suspension will be removed by ICT.

Based on the above information, your Request for Administrative Remedy or Appeal is approved.

Glenn Hancock, AWP        November 2, 2022

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE

INMATE FILE COPY

MAILED / FILED

NOV 0 4 2022

JACKSON CI