IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD D. WILSON
DC# T24935,

    Plaintiff,

v.                                 Case No.: 5:23-cv-253-TKW/MJF

INGRAM, ET AL.,

    Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Jones**, **Causey**, **Granger**, and **Ingram**, ("Defendants"), through counsel, Replies to Plaintiff's Response to Defendant's Motion for Summary Judgment pursuant to N.D. Fla. Loc. R. 56.1(D). Defendant states the following in Reply:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendant restates and re-alleges the summary of Plaintiff's claims and Statement of Undisputed Material Facts contained within Defendant's Motion for Summary Judgment ("MSJ"). (Doc. 74 at 1-4).[1] On February 12, 2025, Plaintiff filed his

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

Response to Defendants' Motion for Summary Judgment.² (Doc. 79).

## **MEMORANDUM OF LAW**

If there is clear evidence contrary to Plaintiff's allegations, then a genuine dispute of material fact does not exist. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (stating that if "two parties tell different stories [where one] is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Plaintiff's Response to Defendant's Motion for Summary Judgment addresses each of Defendant's arguments and attempts to create disputes of fact or present facts in a manner intended to manipulate the situation. Plaintiff's attempts rely almost exclusively on conjecture amounting to information and belief that is not admissible for consideration. Plaintiff's unsuccessful attempts to create disputes of fact are addressed below.

**I.   Plaintiff's allegations involving his claims of retaliation by Defendants is based purely on conjecture and speculation amounting to information and belief.**

Within Plaintiff's Response, Plaintiff relies almost exclusively on conjecture or speculation to defeat Defendants' Motion for Summary Judgment. Plaintiff's

---

² Within Plaintiff's Response, he indicates that he has withdrawn his 8th Amendment claim against Defendant Jones. *See* (Doc. 79 at 29).

2

alleged impetus for the actions of Defendants appears to be because in January 2022, "Wilson wrote a grievance at Calhoun C.I." about an individual who is not a party in this case. *See* (Doc. 79 at 20). Plaintiff alleges that the grievance written "at Calhoun C.I." was based on a threat from a Sergeant Shuler. *Id*. Plaintiff then states that "Classification officers at Jackson Correctional Institution would have access to Wilson's grievances" and due to the alleged access, in combination with what can only be presumed as an unstated conversation, Defendants became aware of the grievances and decided to retaliate against Plaintiff. *See* (Doc. 79 at 20).

Plaintiff further elaborates that he filed grievances at Jackson in which he alleges that the institution has a "general reputation for retaliation." *See* (Doc. 79 at 20) (citing to (Doc. 78-2)). Plaintiff then references general statements, attributed to Defendants by Plaintiff, about Plaintiff writing grievances or being a snitch. (Doc. 79 at 20). None of the statements reference any grievance filed by Plaintiff at Jackson C.I. or even in any way reference the alleged grievances filed "at Calhoun C.I."

The problem for Plaintiff is that no evidence exists of the presumed conversation, knowledge of the allegations in the grievances, or of the grievances themselves. Plaintiff's argument is based entirely on conjecture, and he does not cite a single shred of evidence – no e-mail, no text message, no eyewitness

testimony, no other tangible piece of evidence – demonstrating that the conversation happened or demonstrating knowledge of the substance of Plaintiff's grievances. Plaintiff does not cite to a single piece of evidence supporting the proposition that Defendants were aware of any grievance filed by Plaintiff beyond general allegations, attributed to Defendants, that Plaintiff is a "snitch" or "filed grievances." Plaintiff has no personal knowledge of the allegations and instead speculates that Defendants' actions could only have been because they were retaliating against him.

As a result, Plaintiff's arguments amount to claims based on information and belief, which cannot be utilized to overcome a Motion for Summary Judgment supported by evidence. *Ellis v. England*, 432 F. 3d 1321, 1326 (11th Cir. 2005) ("For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion. Moreover, statements in affidavits that are based, in part, upon information and belief cannot raise genuine issues of fact, and thus cannot defeat a motion for summary judgment.") (internal citations removed). Plaintiff's claims are entirely unsupported by any shred of evidence beyond Plaintiff's allegations that he was being retaliated against.

However, Defendants have yet to address Plaintiff's most telling point that demonstrates he has no evidence to support his allegations. Within his Response,

Plaintiff states, "[h]ow Jones learned of these grievances is unknown." (Doc. 79 at 22) (citing (Doc. 78-9)). Not only is Plaintiff's statement accurate as to Jones, but it is accurate as it relates to **every other Defendant**. There is no evidence that Defendants were aware that Plaintiff filed grievances at "Calhoun C.I." or was filing grievances at Jackson other than to indicate that Plaintiff was a "snitch," "rat" or that Plaintiff "liked to write grievances." None of the alleged statements demonstrate that Defendants were aware of any of the content included in any grievance filed by Plaintiff, and more importantly, that they were acting in retaliation for the grievances.

II. **Plaintiff's allegations relating to knowledge of the November 4, 2022, incident on the part of Defendants is based on conjecture and speculation amounting to information and belief.**

Plaintiff also provides conjecture and speculation relating to knowledge of the November 4, 2025, PREA allegation and incident. Plaintiff speculates that because Ingram worked on second shift, which is the shift before the PREA report was made to Captain Obert,[3] Ingram could have known about "the fight."[4] (Doc. 79 at 23). Plaintiff further elaborates that because an individual with the initials

---

[3] Second shift ends at 3:00 PM. *See* (Docs. 74-13 at 39) (indicating that 3rd shift begins at 3:30 PM). The PREA allegation was reported by Captain Obert at 7:00 PM. (Docs. 74-2; 74-3; 74-4).

[4] It is unclear what "fight" Plaintiff is talking about occurring on November 4, 2022. No "fight" was reported on the date, and instead, the only reported incident related to this case is the PREA allegation made to Captain Obert.

"A.B." (whom Plaintiff assumes is Sergeant Arenthius Blakely, *see Id*.) worked on the date, and conducted a cell inspection for Veillard, he "could have" passed information to Defendant Jones. *Id.* Plaintiff further elaborates that that Ingram worked on November 7 and November 8, 2022, and that Causey worked on November 5, 2022. *Id*. Ultimately, Plaintiff arrives at the conclusion that because the shifts occur after one another, "a reasonable jury could believe knowledge of the disagreement between Veillard and Wilson was disseminated to other H-Dorm staff, even on different shifts." *Id.* at 24.

Plaintiff provides no citation to support his contention supporting his inference. The reason why no citation is provided is because not a shred of evidence exists of the alleged knowledge being disseminated. To prove the allegation, Plaintiff could have deposed the described officers. He did not. No other documentary or tangible evidence exists supporting the allegation. Instead, Plaintiff is offering pure conjecture and speculation, amounting to information and belief, *e.g. Ellis*, 432 F. 3d at 1326, to demonstrate his theory that Defendants had knowledge of the November 4, 2022, incident. There is no evidence that Plaintiff can present to the jury from which an inference can be drawn that Defendants were aware of the November 4, 2022, incident.

### III. Plaintiff's allegations relating to the November 13, 2022, incident relating to Defendant Jones is based on conjecture and speculation amounting to information and belief.

Finally, Plaintiff contends that despite Defendant Jones finding contraband, in the form of tobacco in Plaintiff's sheets, *see* (Docs. 74-15; 74-16), the actions taken by Defendant Jones must have been undertaken in retaliation. *See* (Doc. 79 at 25-27). Plaintiff goes so far as to outright accuse Defendant of planting the tobacco in Plaintiff's sheets by insinuating that a jury could make such a finding. *Id.* at 27. Plaintiff supports his allegation with no evidence demonstrating that the evidence is planted other than to provide a citation to the National Institute of Health website, the fact that officers are allowed to bring cigarettes into work, and that Plaintiff alleges, "that officers sometimes plant contraband on inmates." *Id*. at 26-27. Plaintiff offers no support for the tobacco being planted, but claims that a dispute of fact exists, and that based on the conclusory allegation, "[a] reasonable jury could infer that . . . Jones planted the tobacco to retaliate." *Id*.

As has already been discussed, Plaintiff cannot even demonstrate any knowledge by any Defendant that they were aware of the allegations in Plaintiff's grievances. He likewise cannot demonstrate that Defendants were aware of the November 4, 2022, incident. Plaintiff builds on three levels of speculation and conjecture to arrive at the conclusion that Defendant Jones could have planted the

7

tobacco. Like with any of Plaintiff's other contentions thus far, Plaintiff does not support his allegations with any evidence and does not demonstrate an essential element required to prove his claims.

## IV.     Plaintiff is not entitled to Compensatory Damages.

Plaintiff is not entitled to compensatory damages. Defendants have already demonstrated that Plaintiff did not suffer an injury which was greater than *de minimis*, and has pointed to Plaintiff's deposition testimony and medical records to demonstrate their position. *See* (Doc. 74 at 18-25). In his Response, Plaintiff does not engage in the evidence presented by Defendants and instead provides a new declaration which is contrary to his deposition testimony and attempts to describe several new injuries not mentioned during his deposition. *See* (Doc. 78-10). Based on the inclusion of the new delcaration, Defendants have moved to strike the declaration as a sham affidavit pursuant to *Van T. Junkins & Assoc. Inc. v. U.S. Indust. Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). *See* (Doc. 85). Once Plaintiff's new declaration is properly stricken, it is abundantly clear that Plaintiff did not have an injury which was greater than *de minimis* in nature, and as a result he is not entitled to compensatory damages under the PLRA.

However, if Plaintiff's declaration is not stricken, Plaintiff still has not demonstrated that he has a greater than *de minimis* injury from the November 8,

2022, incident. The description of injuries in his declaration are not documented **<u>anywhere</u>** within Plaintiff's medical records. Not a single medical record documents a bite, abrasions, scrapes, a split eyebrow, an injured lip, headaches, dizziness, nausea, blurred vision, a lump on the side of his head, or continued complaints of pain in his left foot relating to the November 8, 2022, alleged incident. *Compare* (Doc. 74-5) *with* (Doc. 78-10). Plaintiff's injuries, even if true, are so insignificant that he did not report them to any medical provider. Plaintiff does not detail making any of his complaints known to any medical provider, or that any medical provider other than Everette on November 8, 2022, mischaracterized his injuries within his medical records. Instead, Plaintiff alleges that Everette interfered with his medical treatment on a single date by failing to document his injuries correctly.[5] Plaintiff makes no mention of any of the numerous other interactions he had with medical personnel which did not detail any injury to Plaintiff. At one point, Plaintiff commented to a medical provider on December 15, 2022, that his health has "been great so far." (Doc. 74-5 at 40-44).

---

[5] Notably, Everette is not a Defendant in this case despite Plaintiff explicitly alleging that she "reluctantly or not, silently acceded to the denial of treatment" and became part of the alleged conspiracy against Defendants. If Plaintiff were so convinced that she was part of the conspiracy as alleged, certainly Plaintiff would name her as a defendant in this case. Instead, Plaintiff's allegations are entirely unfounded, unsupported, and ring entirely hollow.

The reality is that Plaintiff has created evidence completely unsupported by any fact other than statements made by Plaintiff in response to Defendants' Motion for Summary Judgment thereby prejudicing Defendants. However, even considering Plaintiff's evidence, he still has not demonstrated a greater than *de minimis* injury.

## CONCLUSION

**WHEREFORE**, Defendants request that this Court find that Plaintiff has not raised any issue of disputed Material Fact and grant their Motion for Summary Judgment.

Respectfully Submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment* was e-filed electronically and served electronically on Plaintiff's counsel of record through CM/ECF on February 26, 2025.

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Reply and Supporting Memorandum totals **1,852** words not exceeding 3,200 total words as required by N.D. Fla. Loc. R. 56.1(D).

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com