IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BERNARD D. WILSON**
**DC# T24935,**

    **Plaintiff,**

v.                                                                Case No.: 5:23-cv-253-TKW/MJF

**INGRAM, ET AL.,**

    **Defendants.**
_____/

**<u>DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION</u>**

       **Causey**, **Ingram**, and **Granger** ("Defendant"), hereby objects to the Honorable Magistrate Judge's Report and Recommendation ("R&R") (Doc. 88)[1], pursuant to Federal Rule of Civil Procedure 72(b)(2) on the following grounds:

**<u>PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY</u>**

1.     Plaintiff, is a prisoner in the custody of the Florida Department of Corrections, has filed a 42 U.S.C. § 1983 civil rights complaint. (Doc. 31).

2.     During Discovery, Plaintiff was deposed, and during his deposition, he indicated that he was involved in a fight with a separate inmate. Plaintiff alleges that the fight was purposely organized by Defendants and that

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

because of the fight, he fell, hit his head, monetarily lost consciousness, that he was bitten by the inmate, and that he had abrasions and lacerations all over his body. *See e.g.* (Doc. 74-17 at 78-82).

3. Based on Plaintiff's description of his injuries, Defendants moved to dismiss his request for compensatory damages under the Prison Litigation Reform Act ("PLRA"). *See* (Doc. 74 at 18-25). Plaintiff filed a Response to Defendants' Motion, (Doc. 79 at 37-42), and this Court issued its R&R denying the Motion as it relates to dismissal of compensatory damages. (Doc. 88 at 15-17).[2]

4. Additionally, the R&R also denied Defendants' argument regarding the lack of availability of punitive damages under the PLRA. *See* (Docs. 74 at 25-33; 42-46; 88 at 17-19).

## OBJECTIONS

5. Defendants object to the R&R's determination that Plaintiff is entitled to compensatory damages.

6. Defendants object to the R&R's determination that Plaintiff is entitled to

---

[2] In response to Defendants' Motion for Summary Judgment, Plaintiff submitted a new declaration which detailed several additional injuries which were never mentioned by Plaintiff during his deposition despite clear questioning on the issue. *See* (Doc. 78-10). Defendants moved to strike the declaration based on *Van T. Junkins & Assoc. Inc. v. U.S. Indust. Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). *See* (Doc. 86). Ultimately, the R&R denied Defendants' Motion to Strike as moot as it did not consider the declaration in its decision. (Doc. 88 at ¶ 5).

punitive damages.

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS

### I. Plaintiff is not entitled to compensatory damages.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring an action "for mental or emotional injury suffered while in custody without a prior showing of physical injury or commission of a sexual act." 42 U.S.C. § 1997e(e). Section 1997e(e) is an affirmative defense – not a jurisdictional limitation – and the district court may *sua sponte* dismiss a claim where the allegations show that this defense would bar recovery. *Douglas v. Yates*, 535 F. 3d 1316, 1320-21 (11th Cir. 2008). Per well-established precedent in this circuit, more than a *de minimis* physical injury is needed to satisfy the requirements of § 1997e(e). *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir.), vacated, 197 F. 3d 1059 (11th Cir. 1999), reinstated in relevant part, 216 F. 3d 970, 972, 985 (11th Cir. 2000) (en banc). While the phrase "greater than *de minimis*" has not been clearly defined, the court has held that the injury need not be significant. *Id*. at 1286. However, "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Id*. (quotations omitted).

The Eleventh Circuit is in accord that, under 42 U.S.C. § 1997e(e), compensatory damages are unavailable absent physical injury. *Al-Amin v. Smith*, 637 F. 3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its

3

progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory damages in the absence of the requisite physical injury; *Smith v. Allen,* 502 F. 3d 1255, 1271 (11th Cir. 2007) (stating that § 1997e(e) precludes an inmate's claims for compensatory damages without a prior showing of physical injury); *Slicker v. Jackson*, 215 F. 3d 1225, 1229 (11th Cir. 2000) ("compensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated"). The physical injury requirement applies to all federal claims, including constitutional claims. *Harris v. Garner*, 216 F. 3d 970, 984-85 (11th Cir. 2000).

In explaining the type of injury which is not barred by 28 U.S.C. § 1997e(e), some courts have proffered the following common-sense approach; "would the injury **require** or **not require** a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury?" *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (emphasis added). Stated another way:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious

nature or persists after home remedy care. Thus, the seriousness of the injury needed . . . require more than the types and kinds of bruises and abrasions about which the Plaintiff complains.

*Talley v. Johnson*, 2008 WL 2223259, *3 (M.D. Ga. 2008) (citing *Luong*). *See also Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x. 555, 557 n.3 (11th Cir. 2014) (per curiam) (unreported op.) (citing *Luong*).

In this case, Plaintiff's injuries do not rise to a level which is greater than *de minimus* in nature. During Plaintiff's deposition, Plaintiff describes his injuries as being to his back, shoulder, head, and a bite on his abdomen. (Doc. 74-17 at 78-82). Only one of Plaintiff's injuries, specifically his shoulder injury, was treated with anything greater than just ibuprofen. *Id*. Plaintiff alleged that he received x-rays to his shoulder which were never followed up on. *Id*. Plaintiff's complaints of injury are entirely refuted by his medical records.

A review of Plaintiff's medical records demonstrates that he did not have any injuries on November 8, 2022. (Doc. 74-5 at 7, 11, 14, 16). Plaintiff's treating nurse, Everette, has confirmed that the medical records she created on the date are accurate and true. (Doc. 74-20).

Moreover, in reviewing Plaintiff's medical records even further, Plaintiff complained of injuries on November 10, 2022, and he was medically assessed by a different nurse on November 16, 2022. (Doc. 74-5 at 20-24). Plaintiff's November 16, 2022, assessment revealed that he had a superficial abrasion to his left armpit

5

and right upper abdomen area. *Id*. at 21. Plaintiff's pain was recorded as 2 of 10 and his superficial abrasion was treated with acetaminophen. *Id*. at 22.

Later, on November 11, 2022, Plaintiff had an additional point of contact with medical for a shot, which he refused. (Doc. 74-5 at 26-27). At the time, Plaintiff made no medical complaints. On November 13, 2022, Plaintiff was medically assessed again by Everett, and no injuries were noted. *Id.* at 30. Plaintiff was again seen by Everett on November 23, 2022, with no injuries reported. *Id.* at 34-35. Plaintiff was seen on December 8, 2022, by a medical doctor to take lab tests, and no additional injuries were reported. *Id*. at 36. On December 15, 2022, Plaintiff was given a periodic screening in which he indicated that his health has "been great so far," and signed the medical record confirming his statement. *Id*. at 40-44.

Despite Plaintiff indicating during his deposition that he underwent x-rays which were never followed up on, Plaintiff's medical records do not demonstrate his receiving any x-rays related to the November 8, 2022, alleged fight. To be fair, there is a back x-ray taken on January 6, 2023, but there is no indication that the x-ray was related to the November 8, 2022, incident. See (Doc. 74-5 at 50). Even more tellingly, the x-ray came back negative as to any issues. *Id*. Instead, at most, Plaintiff received acetaminophen, after his November 16, 2022, sick call.

The injuries described by Plaintiff during his deposition are nowhere to be found within his medical records. Either the injuries described by Plaintiff are inaccurate or are so minor that he did not feel the need to report the injuries to any medical staff.

To create an issue of fact for trial sufficient to defeat a well-supported Summary Judgment motion, the non-movant's evidentiary material must consist of more than conclusory, uncorroborated allegations from an affidavit. *West v. Higgins*, 346 F. App'x 423, 425 (11th Cir. 2009) (per curiam) (citing *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)). Further, if "two parties tell different stories [where one] is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

To date, Plaintiff has not reported any medical issues to staff, which originates from the incident alleged within his complaint. Objective evidence in the form of Plaintiff's medical records is totally devoid of any injury stemming from the incident alleged by Plaintiff.

However, even if Plaintiff did suffer injuries, the failure to report the injuries to medical staff for treatment demonstrates the insignificance of the injuries Plaintiff alleges. Due to the insignificance of Plaintiff's injuries, provided he was

7

injured, they are the very definition of *de minimis*. Plaintiff's request for compensatory damages is due to be dismissed.

## II.   Punitive damages are unavailable to Plaintiff.

The Report and Recommendation notes that the Eleventh Circuit specifically interpreted § 3626(a)(1)(A) as not barring punitive damages in a federal rights violation action in *Johnson v. Breeden,* 280 F.3d 1308, 1325-26 (11th Cir. 2002). *See* (Doc. 88 at 18). In *Johnson*, the Eleventh Circuit interpreted section 3626(a)(1)(A) in a manner that <u>indicates</u> that it does not bar punitive damages.[3] *Johnson*, 280 F.3d at 1325-26. However, the <u>specific</u> argument that section 3626 categorically bars punitive damages was not discussed, let alone rejected, in *Johnson*. Therefore, *Johnson* is not dispositive on the issue.[4] *See United States v. Mitchell*, 271 U.S. 9, 14 (1926) ("It is not to be thought that a question not raised by counsel or discussed in the opinion of the court has been decided merely

---

[3] Specifically, the Court stated that section 3626's requirements "mean that a punitive damages award must be no larger than reasonably necessary <u>to deter</u> the kind of violations of the federal right that occurred in the case. They also mean that such awards should be imposed against no more defendants than necessary to serve <u>that deterrent function</u> and that they are the least intrusive way of doing so." 280 F.3d at 1325 (emphases added). It further stated that "[m]any factors may enter into that determination. For example, the number of… violations an individual defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required <u>to deter</u> future violations." *Id.* (emphasis added).

[4] To the extent that this Court is bound by *Johnson*, the argument that section 3626 bars punitive damages is presented here to preserve the issue for appellate review.

because it existed in the record and might have been raised and considered."); *Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

Moreover, in *Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1379-80 (M.D. Fla. 2013), the District Court merely applied the language of *Johnson* to find entitlement to punitive damages and did not address the argument presented here. Therefore, for the same reason that *Johnson* is not dispositive, *Benton* is not persuasive on the issue. Finally, although the Eleventh Circuit held in *Hoever v. Marks*, 993 F.3d 1353, 1364 (11th Cir. 2021), that "[42 U.S.C.] §1997e(e) permits claims for punitive damages without a physical injury requirement," it expressly declined to consider whether section 3626 bars punitive damages. *Id.* at 1364 n.5. Because the Court did not consider the argument presented here, *Hoever* is also not controlling on the issue.[5]

Additionally, though Defendants cited no cases directly supporting the argument that section 3626 categorically prohibits punitive damages, the reason for the lack is citation is partly because the Circuit Courts apparently have yet to directly address this argument. *See Hoever*, 993 F.3d at 1364 n.5 ("We decline the

---

[5] The fact that *Hoever* deferred consideration of this argument, instead of simply stating that *Johnson* was dispositive, also may indicate that the Eleventh Circuit either did not consider *Johnson* dispositive or is open to revisiting the issue.

9

government's invitation to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626, as it falls outside the scope of the *en banc* briefing question posed to the parties.") (citation omitted); *Al-Amin v. Smith*, 637 F.3d 1192, 1199 n.10 (11th Cir. 2011) ("Since we find that § 1997e(e) prevents Al–Amin, in the absence of physical injury, from offering evidence supporting an award of punitive damages in this action, we need not consider the validity or timeliness of Defendants' alternative argument that 18 U.S.C. § 3626 prohibits punitive damage recovery as well."), *overruled by Hoever*, 993 F.3d at 1363-64; *Vaughn v. Cambria Cnty. Prison*, 709 Fed. Appx. 152, 155 n.2 (3d Cir. 2017) ("The Magistrate Judge stated that punitive damages were unavailable under 18 U.S.C. § 3626(a)(1)(A)… We offer no opinion on this issue at this time, and defer consideration of it in this proceeding because liability has not yet been found.") (citation omitted); *Wilkerson v. Stalder*, 329 F.3d 431, 434 n.3 (5th Cir. 2003) ("The district court chose to defer ruling on the prison officials' claim that the Prison Litigation Reform Act bars the inmates' claim for punitive damages until such time as liability is found. Therefore, this issue is not properly before the court on appeal.") (citation omitted). Because of the apparent absence of Circuit precedent directly addressing this argument, Defendants rely on the plain meaning of the text of section 3626.

Punitive damages are never "necessary to correct the violation of" a Federal

right because, "[i]n the strictest sense of the term, something is 'necessary' only if it is essential." *Ayestas v. Davis*, 138 S. Ct. 1080, 1093 (2018) (citing Webster's Third New International Dictionary 1510 (1993); 10 Oxford English Dictionary 275–276 (2d ed. 1989)); *see also Necessary*, Black's Law Dictionary (11th ed. 2019) (defining necessary to mean "essential"). And the text and context of §3626(a) indicate that Congress intended to use the term "necessary" in the strict sense of that word. Unlike the "necessary and proper clause" of Article I, Section 8, for example, section 3626 uses the term "necessary" in the context of a "strict limitation[]," not a broad authorization. *See Johnson*, 280 F.3d at 1323. Similarly, the immediately surrounding text provides that relief is barred unless it is "narrowly drawn," "extends no further than necessary to correct the violation of the Federal right," and is "the least intrusive means necessary to correct the violation of the Federal right. §3626(a)(1).

Punitive damages, however, are not even an appropriate mechanism for "correcting" a legal violation; to the extent that damages serve a "corrective" function, that is what compensatory damages are for. By definition, "compensatory damages" are "[d]amages <u>sufficient</u> in amount to indemnify the injured person for the loss suffered." *Damages*, Black's Law Dictionary (11th ed. 2019) (emphasis added). Accordingly, punitive damages are not even intended to "correct" a legal violation by making the injured party whole; still less are they an "essential" way

11

of making the plaintiff whole.

Consistent with dictionary definitions, caselaw recognizes that punitive damages awards serve two purposes, "punishing unlawful conduct and deterring its repetition." *State Farm Mut. Auto Ins. Co v. Campbell*, 538 U.S. 408, 416 (2003) (quotation omitted). Neither of those purposes makes punitive damages "necessary to correct" a violation of Federal law. By definition, one may "correct" a violation of law without "penalizing" past misconduct or "deterring" potential future violations. Ordinary English usage confirms that proposition. For example, one does not "correct" a future error before it happens; one seeks to deter it—i.e., to prevent it from happening in the first place. Likewise, punishment is not strictly necessary to remedy a wrong; instead, punishment serves other goals, like deterrence or retribution. *Cf. Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1642 (2017) (distinguishing between remedies that are penalties, i.e. those that seek to punish, and those that seek to "compensate[e] a victim for his loss").

Even if an award of punitive damages could be thought <u>reasonably</u> "necessary" to correct a legal violation, such an award could not satisfy the additional, stringent limitations imposed by the PLRA—i.e., the requirements that the relief be "<u>narrowly</u> drawn," "extend[] <u>no further than necessary</u> to correct the violation of the Federal right," and be "<u>the least intrusive means necessary</u> to correct the violation of the Federal right." § 3626(a)(1) (emphases added); *see*

12

*United States v. Whyte*, 928 F.3d 1317, 1328 (11th Cir. 2019) (explaining that it is a "cardinal rule" of statutory interpretation that courts try to give "effect… to every clause… of a statute") (citation and internal quotation marks omitted)).

For example, even if deterring future violations is conceptualized as one way of "correct[ing]" "the" already completed "violation" at issue in a section 1983 suit for damages, punitive damages are never the "narrow[est]" or "least intrusive" way of effectuating such a correction. As the Supreme Court has explained, "[d]eterrence is… an important purpose of" the tort system created by section 1983, but such deterrence primarily "operates through the mechanism of damages that are <u>compensatory</u>—damages grounded in determinations of plaintiffs' actual losses." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (emphasis in original). Similarly, the Supreme Court has made clear that "nominal damages," not punitive damages, "are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury." *Id.* at 308 n.11. Even assuming punitive damages are also an appropriate means of vindicating such rights, they are not less burdensome than nominal damages or declaratory relief.

Moreover, reading section 3626 to categorically bar punitive damages does not prevent the court from fully remediating ongoing violations. In many civil actions with respect to prison conditions, a plaintiff alleges that his federal rights are being violated on an ongoing basis. In those cases, prospective relief may be

13

warranted—for example, in the form of declaratory or injunctive relief that requires prison officials to "correct" their violation by bringing their conduct into conformity with the law. As this Court has explained, albeit in the context of interpreting section 1997e(e), such relief provides a "reasonably adequate opportunity" to seek redress for constitutional violations," even if prisoners "may not recover monetary damages for such claims." *Al-Amin*, 637 F.3d at 1197 (quotation marks and citation omitted).

What is more, to clear the high bar of the PLRA, relief other than compensatory monetary damages must extend "no further than necessary to correct the violation of the Federal right of [the] particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1) (emphasis added). Punitive damages awards aimed at protecting inmates generally (e.g., through deterrence), rather than correcting the violations suffered by the particular plaintiff bringing the suit, are thus prohibited. Moreover, not only must punitive damages awards be plaintiff-specific, they must be defendant- specific. Section 3626(a)(1) requires that they be "narrowly drawn," which means that any deterrent must be aimed at deterring the particular defendant, not the correctional facility or government in general.

Because this Court cannot find that punitive damages are necessary to correct a violation of Plaintiff's rights or are the least intrusive means necessary to do so, punitive damages are barred by section 3626. Therefore, Plaintiff's request

for punitive damages must be dismissed.

## CONCLUSION

**WHEREFORE**, Defendant respectfully requests that this Court reject the outstanding R&R and sustain the Objections described above and dismiss Plaintiff's compensatory and punitive damages.

Respectfully submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Objections to Report and Recommendations* was e-filed and served electronically through CM/ECF on Plaintiff's counsel of record on April 8, 2025.

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com