UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD D. WILSON,

    Plaintiff,

v.                                    Case No. 5:23-cv-253-TKW-MJF

LIEUTENANT INGRAM, *et al.*,

    Defendants.
_____/

## ORDER SETTING SETTLEMENT CONFERENCE

The District Court returned this case to the undersigned for a settlement conference. This court will conduct the settlement conference on **May 23, 2025, at 9:30 a.m., central time**, at the Winston E. Arnow Federal Building, Courtroom Two, 100 North Palafox Street, Pensacola, Florida. The conference will end when settlement is reached or when the undersigned concludes that further negotiation would not be fruitful.

**Writ of Habeas Corpus Ad Testificandum.** The clerk of the court shall issue a writ of habeas corpus ad testificandum for Plaintiff for the settlement conference date set forth above.

**Required Participants.** Each party must be represented—in person—by the following required participants: (1) counsel of record who is most familiar with the case; (2) the party or a decisionmaker for the party, who must have full authority to act on behalf of the party, including the authority to negotiate a resolution of the matter and to respond to developments during the settlement process; and (3) if the party is insured, a representative with full authority to make settlement decisions.[1]

**"Full Authority" Defined.** "Full authority" means that those participating on behalf of a party should be able to make independent decisions and have a knowledge or an understanding of the dispute in order to generate and consider solutions and/or to be able to address the negotiation dynamics in settlement. It is not just settlement authority to make an offer or to accept an amount.

**Mandatory Negotiations Prior to The Conference.** Settlement conferences often are unproductive unless the parties have exchanged

---

[1] Failure to comply with the attendance provisions of this order may result in an award of costs and attorney's fees incurred by the other parties in connection with the conference or the imposition of other appropriate sanctions.

demands and offers before the conference and made a serious effort to settle the case on their own. Therefore, before the settlement conference, the parties shall negotiate and make a good-faith effort to settle the case without the involvement of the court.

Specifically, on or before **April 25, 2025**, Defendants shall make an offer to Plaintiff.

On or before **April 30, 2025**, Plaintiff's counsel shall accept or make a counter-offer to Defendants' offer. The parties shall continue to make specific proposals and counterproposals before the conference.

**Communication with the Court if Settlement is Reached.** If the parties should arrive at a settlement before the settlement conference, the parties shall immediately communicate this to the court by filing a joint notice of settlement.

**Confidential Settlement Statements.** On or before **May 9, 2025**, each party shall provide to the office of the undersigned—via hand-delivery, U.S. Mail, or email—a confidential settlement statement. Each party may email its respective confidential settlement statement to Jennifer_Heemstra@flnd.uscourts.gov. The parties also may mail or hand-deliver the confidential settlement statement to "Judge Frank's

Chambers, One North Palafox Street, Pensacola FL. 32502-5665." If mailed or hand-delivered, the parties shall write on the outside of the envelope and on the top of the confidential settlement statement: **"Confidential Settlement Statement/Do Not File."**

The parties **SHALL NOT** file their confidential settlement statements with the clerk of the court or serve it upon opposing counsel, as <u>the statements will not become a part of the file of this case and will be for the exclusive use of the undersigned in preparing for and conducting the conference.</u>

**Contents of the Confidential Settlement Statements.** Each confidential settlement statement shall contain:

(1) a brief description of all remaining claims and the law and defenses applicable thereto;

(2) a concise recitation of the facts and evidence the party expects to present at trial, including evidence that supports any claim for damages;

(3) a brief description of the relief that may be afforded to the prevailing party at trial (e.g., the nature and extent of damages, entitlement to attorney's fees);

(4) an estimate of attorney's fees and costs of litigation to date and through trial;

(5) an outline of settlement negotiations to date, including the most recent proposals and counterproposals; and

(6) a statement regarding whether any settlement terms are believed to be "nonnegotiable" and, if so, a description of those terms.

The confidential settlement statements should not be lengthy, but they should contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case.

**Video Exhibits.** On or before **May 9, 2025**, counsel for Defendants shall submit to the office of the undersigned any video recordings that they have in their possession that purportedly show the incident giving rise to this case or that are related to the case.

**Draft Settlement Agreement Required.** On or before **May 9, 2025**, Defendants shall send to opposing counsel, and email to Jennifer_Heemstra@flnd.uscourts.gov, an editable, draft settlement agreement—with the amount to be paid by Defendants left blank—and any other documents necessary to settle the case. Counsel also shall bring these documents to the settlement conference.

**Confidentiality of the Settlement Conference**. The settlement conference will be conducted so as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence before or during the conference will be kept confidential and will not be disclosed to any other party (without consent) or to the District Court. Furthermore, after the settlement conference, the undersigned will have no further involvement with this case.

**Structure of the Settlement Conference.** At the conference, the undersigned may briefly address the parties jointly in open court. Thereafter, separate, confidential caucuses will be held with each party and the party's representative(s). The conference will end when settlement is reached or when the undersigned concludes that further negotiation unlikely would result in settlement.

**Preparation for the Settlement Conference.** Prior to the conference counsel should consider and discuss with counsel's client the following issues or events that may arise during the separate caucuses: (1) the undersigned might address the client personally; (2) the undersigned might ask counsel to assess the weaknesses/strengths of the claims and defenses; and (3) the undersigned might ask counsel to

discuss whether attorney's fees or other expenses are affecting settlement and, if so, whether this has been communicated to the opposing party.

**SO ORDERED** on April 15, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**