**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**BERNARD D. WILSON
DC# T24935,**

       **Plaintiff,**

**v.**                       **Case No.: 5:23-cv-253-TKW/MJF**

**INGRAM, ET AL.,**

       **Defendants.**
_____/

## <u>UNOPPOSED MOTION TO RESCHEDULE OR CONTINUE SETTLEMENT CONFERENCE</u>

**Granger**, **Ingram**, and **Causey** ("Defendants"), through counsel, move this Court to reschedule or continue the May 23, 2025, Settlement Conference, and in support state the following:

1.    On April 15, 2025, this Court issued an Order setting a Settlement Conference for May 23, 2025, at 9:30 Central Time in Pensacola, Florida. (Doc. 92). This Court's Order was issued *sua sponte* and without consultation with the parties.

2.    After the issuance of the Order, Defendants reached out to the Risk Manager assigned to oversee this case, and she informed Defendants that she is not available to attend the conference because she has a court ordered mediation

1

scheduled for the same date as the conference scheduled by this Court. The Risk Manager also indicated that there was no one else available from her office who could be present for the conference.[1]

3.    Moreover, undersigned counsel's schedule is extremely busy at this time preparing for a trial scheduled to begin on June 16, 2025, in the Middle District of Florida, Jacksonville Division. The trial is to be conducted in *Melendez v. Dixon, et al.*, 3:20-cv-1023-BJD-JBT and is expected to last for 15 days. The Pre-Trial Conference is currently scheduled for May 21, 2025, and will likely take the entire day and possibly into the following day.[2]

4.    Due to the above conflicts, Defendants move for this Court to continue the Settlement Conference for some time after July 14, 2025.

5.    Defendants and Plaintiff have otherwise complied with the requirements of this Court's Order regarding the exchange of settlement offers and continue to negotiate whether a settlement can be reached in this case. Defendants

---

[1] The Risk Manager also informed me that she is also having a great deal of family arrive and stay with her during the week of the Settlement Conference because her daughter's graduation is the following day.

[2] In the referenced case, there are a total of 15 Motions in Limine outstanding, and several of them may require additional argument and possibly testimony at the hearing. Undersigned counsel was also informed by the plaintiff in the case that he is planning to file an additional 5 motions prior to pre-trial conference on May 21, 2025.

believe that this case may be resolved by the time the Settlement Conference is rescheduled for.

6.    Additionally, Defendants intend to continue to comply with the other deadlines imposed by this Court in its Order and the other Pre-Trial deadlines already established. *See* (Docs. 91, 92).

7.    On May 7, 2025, Defendants contacted Plaintiff's counsel about this Motion, and he indicated that he had no objection to rescheduling or a continuance of the Settlement Conference in principle. However, Plaintiff's counsel indicated that they opposed the time requested by Defendants and believe that the conference should be scheduled during the weeks of May 26, June 2, or June 9, 2025.

## **MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure:

When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.

Fed. R. Civ. P. 6(b)(1). Currently, there is a Settlement Conference scheduled for May 23, 2025. The Risk Manager for Defendants has a conflict on the date of the Settlement Conference and undersigned counsel is currently involved in

3

preparation for a major trial to be conducted in the Middle District of Florida. Both issues impact the ability for Defendants properly comply with this Court's Order regarding the Settlement Conference and possibly reach a resolution at the conference. Based on the issues described, Defendants conferred with Plaintiff, and there is no objection to the requested relief.

      **WHEREFORE**, Defendants respectfully request that this Court reschedule or continue the Settlement Conference for some time after July 14, 2025.

      Respectfully submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Unopposed Motion to Reschedule Settlement Conference* was e-filed and served electronically on counsel of record through CM/ECF on May 9, 2025.

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Office of the Attorney General

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that undersigned counsel has conferred with Plaintiff's counsel of record pursuant to N.D. Local Rule 7.1(B) prior to the filing of this Motion. In response, Plaintiff's counsel indicated that he had no objection to rescheduling or a continuance of the Settlement Conference in principle. However, Plaintiff's counsel indicated that they opposed the period requested by Defendants and believe that the conference should be scheduled during the weeks of May 26, June 2, or June 9, 2025.

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Office of the Attorney General

5